UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ALEX Q. FRANCK,
ADAM D. FRANCK

          NO. CIV. S-11-2284 LKK/GGH

    Plaintiffs,

  v.

          O R D E R

YOLO COUNTY, PATRICK S.
BLACKLOCK, COUNTY
ADMINISTRATOR; EDWARD G.
PRIETO, YOLO COUNTY SHERIFF,

    Defendants.

_____/

    Plaintiffs challenge two Yolo County ordinances that restrict dog barking and dog roaming. Plaintiffs assert that the ordinances violate the Takings, Supremacy, and Due Process clauses of the U.S. Constitution. Pending before the court is a motion by Plaintiffs for a preliminary injunction to enjoin enforcement of the ordinances at issue, and a motion by defendants to dismiss the Second Amended Complaint. For the reasons set forth herein, the motion to dismiss is GRANTED, and the motion for a preliminary injunction is DENIED as MOOT.

1

**I. Background**

**A. Factual Background**[1]

Plaintiffs are minor children and are the owners of two Dalmatians, Spot and Diamond. Plaintiffs assert that they would like to walk their dogs in a levy near their home in West Sacramento. This area is subject to two county ordinances, which prohibit dog roaming and habitual loud dog barking. The first Yolo County code provision at issue is Sec. 6-1.401 ("Roaming Ordinance"), which reads:

> "The territory to which the provisions of this chapter shall apply is hereby fixed as the limits with which animals shall not run at large, and no owner shall permit his animal, wild or domestic, except as a domestic cat, to run at large within the territory to which the provisions of this chapter apply."

The second code provision at issue is Sec. 6-1.403 ("Barking Ordinance"), which reads:

> "No owners shall permit his animal, except a domestic cat, habitually to make a loud noise or act in such a manner as to constitute a public nuisance."

Plaintiffs assert that the levy area in which they would like to run their dogs "is the property of the United States government, and is managed by the U.S. Army Corps of Engineers." Additionally, plaintiffs assert that they would like their dogs to be in compliance with the anti-barking ordinance, but "they do not know

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Second Amended Complaint unless otherwise specified. For the purposes of this motion only, plaintiff's facts as asserted will be taken as true. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

2

and/or cannot keep their dogs in compliance with the ordinance."

According to defendants, plaintiffs' father and guardian ad litem, Herman Franck, is presently facing prosecution for violations of the challenged ordinances.[2] The dogs involved in Mr. Franck's violation of the ordinance are Spot and Diamond, the same dogs that the plaintiffs wish to walk off-leash.  These facts were also alleged in the original and first amended complaints, but have been omitted from the SAC. The SAC, however, refers to some citations, but does not explain who they are against. See SAC at 7.

**B. Procedural Background**

The original and first amended complaints in this case named Herman Franck, father of the two current plaintiffs, as the sole plaintiff. Mr. Franck is an attorney. Mr. Franck filed a Seconded Amended Complaint on November 3, 2011, in which he substituted his two minor children in as plaintiffs, and removed himself as a party to the action. Mr. Franck remains the attorney for his plaintiff children, and the court has appointed him as guardian ad litem.

## II. Standards

**A. Standard for a Preliminary Injunction under Rule 65**

Fed. R. Civ. P. 65 provides authority to issue either preliminary injunctions or temporary restraining orders. A preliminary injunction is an "extraordinary remedy." Winter v.

---

[2] Plaintiffs have not personally been cited for any violations of the challenged ordinances.  Regardless, plaintiffs allege that they "have suffered injury in fact by virtue of the ordinances complained herein." FAC ¶ 6.

1  Natural Resources Defense Council, Inc., 555 U.S. 7, 22 (2008)
2  (internal citation omitted). When a court considers whether to
3  grant a motion for a preliminary injunction, it balances "the
4  competing claims of injury, . . . the effect on each party of the
5  granting or withholding of the requested relief, . . . the public
6  consequences in employing the extraordinary remedy of injunction,"
7  and plaintiff's likelihood of success. Id. at 20, 24 (quoting Amoco
8  Prod. Co. v. Gambell, 480 U.S. 531, 542 (1987); Weinberger v.
9  Romero-Barcelo, 456 U.S. 305, 312 (1982). In order to succeed on
10 a motion for a preliminary injunction, the plaintiff must establish
11 that "he is likely to succeed on the merits, that he is likely to
12 suffer irreparable harm in the absence of preliminary relief, that
13 the balance of equities tips in his favor, and that an injunction
14 is in the public interest." Winter, 555 U.S. at 20. The
15 requirements for a temporary restraining order are largely the
16 same. Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d
17 832, 839 (9th Cir. 2001); see also Wright and Miller, 11A Fed.
18 Prac. & Proc. Civ. § 2951 (2d ed.).

19      After Winter, the Ninth Circuit modified its "sliding scale"
20 approach, which balanced the elements of the preliminary injunction
21 test. "The 'serious questions' approach survives Winter when
22 applied as part of the four-element Winter test. In other words,
23 'serious questions going to the merits' [rather than a likeliness
24 of success on the merits] and a hardship balance that tips sharply
25 toward the plaintiff can support issuance of an injunction,
26 assuming the other two elements of the Winter test are also met."

4

Alliance For The Wild Rockies v. Cottrell, 632 F.3d 1127, 1132 (9th Cir. 2011).

An even more stringent standard is applied where mandatory, as opposed to prohibitory, preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "where a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." Martin v. International Olympic Committee, 740 F.2d 670, 675 (9th Cir. 1984). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. See Anderson v. United States, 612 F.2d 1112, 1115 (9th Cir. 1979). "[I]n doubtful cases" a mandatory injunction will not issue. Id.

**B. Standard for a Motion to Dismiss for Failure to State a Claim**

A dismissal motion under Fed. R. Civ. P. 12(b)(6) challenges a complaint's compliance with the federal pleading requirements. Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant "'fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957).

To meet this requirement, the complaint must be supported by factual allegations. Ashcroft v. Iqbal, 556 U.S. 662, ___, 129 S.

5

Ct. 1937 (2009). Moreover, this court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007).[3]

"While legal conclusions can provide the framework of a complaint," neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth. Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949-50. Iqbal and Twombly therefore prescribe a two step process for evaluation of motions to dismiss. The court first identifies the non-conclusory factual allegations, and then determines whether these allegations, taken as true and construed in the light most favorable to the plaintiff, "plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949-50.

"Plausibility," as it is used in Twombly and Iqbal, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at ___, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

---

[3] Citing Twombly, 556 U.S. at 555-56, Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("[w]hat Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations"), and Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) ("it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test" under Rule 12(b)(6)).

6

a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 557).[4]  A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### III. Analysis

**A. Motion to Dismiss**

Defendants argue that this case should be dismissed for lack of subject matter jurisdiction under the abstention doctrine or, in the alternative for failure to state a claim. The court must first determine whether it has jurisdiction. Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp., 549 U. S. 422, 435 (2007).

**i. Abstention**

Defendants argue that the pending citations against Herman Franck require the court to abstain from issuing an injunction

---

[4] Twombly imposed an apparently new "plausibility" gloss on the previously well-known Rule 8(a) standard, and retired the long-established "no set of facts" standard of Conley v. Gibson, 355 U.S. 41 (1957), although it did not overrule that case outright. See Moss v. U.S. Secret Service, 572 F.3d 962, 968 (9th Cir. 2009) (the Twombly Court "cautioned that it was not outright overruling Conley ...," although it was retiring the "no set of facts" language from Conley). The Ninth Circuit has acknowledged the difficulty of applying the resulting standard, given the "perplexing" mix of standards the Supreme Court has applied in recent cases. See Starr v. Baca, 652 F.3d 1202, 1215 (9th Cir. 2011) (comparing the Court's application of the "original, more lenient version of Rule 8(a)" in Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002) and Erickson v. Pardus, 551 U.S. 89 (2007) (per curiam), with the seemingly "higher pleading standard" in Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336 (2005), Twombly and Iqbal), rehearing *en banc* denied, ___ F.3d ___, 2011 WL 4582500 (October 5, 2011).  See also Cook v. Brewer, 637 F.3d 1002, 1004 (9th Cir. 2011) (applying the "no set of facts" standard to a Section 1983 case).

7

under <u>Younger v. Harris</u>, 401 U.S. 37. In <u>Younger</u>, the Supreme Court explained that federal courts' equity jurisdiction is restrained so as not to interfere with state court proceedings "in order to. . . avoid a duplication of legal proceedings and legal sanctions where a single suit would be adequate to protect the rights asserted." 401 U.S. 37, 44 (1971). When asked to enjoin pending proceedings in state courts, federal courts should normally not issue such injunctions. <u>Id.</u>

Defendants argue that, although the pending state proceedings are against the plaintiffs' father Herman Franck and not the plaintiffs themselves, <u>Younger</u> applies here because Herman Franck "retains ownership of the dogs," and "there can be no doubt that the specific target of the present federal litigation is the pending state court infraction actions against Herman Franck and that any decision in favor of the Plaintiffs in this federal action will be immediately used by Mr. Franck to stop the pending state actions against him." Defs.' Mot. 3-4, ECF No. 35. Defendants cite no authority for their contention that the present federal court action should be stayed because it will affect the pending state action against a different party.[5]

---

[5] The filing of a Second Amended Complaint supersedes the previously filed complaints. The court notes that those complaints, which it may not consider in determining the merits of the instant motions, make it abundantly clear that defendants' hypothesis about Mr. Franck's motivation for filing this action is correct. However, the court must take the allegations in the Second Amended Complaint as true for the purpose of the motion to dismiss, and must ignore factual assertions made in the superseded complaints.

1  On the face of the complaint, it appears that neither <u>Younger</u>
2 abstention, nor any other basis for abstention applies here. There
3 are no state proceedings pending against the plaintiffs in this
4 action, and plaintiffs do not seek to enjoin any state proceedings.
5 **ii. Dismissal for Failure to State a Claim**
6  Plaintiffs' complaint is nearly incomprehensible, as is the
7 opposition to the motion to dismiss. Nevertheless, the court will
8 attempt to address legal theories that plaintiffs appear to be
9 attempting to advance. It seems that plaintiffs' assertions amount
10 to four arguments: (1) the Roaming Ordinance violates the Supremacy
11 Clause; (2) the Roaming Ordinance conflicts with the West
12 Sacramento Municipal Code and thus violates the Due Process Clause;
13 (3) the Roaming Ordinance acts as an unconstitutional taking since
14 it deprives plaintiffs' dogs from "their equal right to this
15 earth;" and (4) the Barking Ordinance is unconstitutionally vague.
16          **A. Supremacy Clause**
17  Plaintiffs argue that the levy area subject to the Roaming
18 Ordinance "is the property of the United States government" and as
19 such, only the United States government can issue regulations.
20 Thus, plaintiffs argue, the county's attempt to issue a Roaming
21 Ordinance violates the Supremacy Clause.
22  Plaintiffs do not provide any evidence to support their
23 assertion. Rather, plaintiffs provide an email correspondence which
24 titles the levy area as "public open space." <u>See</u> Ex. B to Supp.
25 Decl. Franck, ECF No. 50. Plaintiffs have provided no authority,
26 and the court cannot locate any authority, which finds "public open

1 space" to be the property of the United States government subject
2 solely to United States government regulation.

### B. Roaming Ordinance and West Sacramento Municipal Code

Plaintiffs' argues that the Roaming Ordinance conflicts with another law and thus violates the Due Process Clause. The "conflicting" law that plaintiffs refer to is West Sacramento Municipal Code Section 6.16.020. The code states, in relevant part:

> A. No owner shall permit his or her dog to be in any residential, commercial or industrial area, other than on private property where the dog is maintained by or on behalf of its owner, unless the dog is restrained by a leash…
> B. As used in this section, "residential, commercial or industrial area" means any R-, C-, M- and PD [] zoned parcel located in whole or in part within the city limits of the city. (Ord. 03-21 § 1 (part); Ord. 89-14 § 7 (part); county code § 6-1.401.1)

To support this due process claim, plaintiffs cite Chalmers v. Los Angeles, 762 F.2d 753, 757 (9th Cir. 1985). That case is entirely inapplicable here because it expressly related to ordinances that purported to regulate the plaintiff in engaging in her occupation of selling t-shirts from a vending cart. The court found that the plaintiff's sale of t-shirts was an "occupation" and thus protected by the Due Process Clause: "While the City of Los Angeles may well have had authority to prohibit the activities of vendors entirely, absent a valid regulation of such activities, Chalmers had a right protected by the Due Process Clause." Chalmers, 762 F.2d at 757. Furthermore, the court found that the inconsistent ordinance scheme itself wasn't a violation of due process, but the implementation and enforcement of the inconsistent scheme was. Id. at 758.

1  Plaintiffs here have cited no authority establishing a due process
2  right to walk one's dog, and plaintiffs do not offer any analysis
3  indicating that <u>Chalmers</u> applies to the facts of this case.
4  Moreover, the court cannot discern how the ordinance is in
5  conflict with the West Sacramento Municipal Code. It is entirely
6  possible for plaintiffs to be in compliance with both laws. Thus,
7  plaintiff has failed to state a Due Process Claim.

### C. Roaming Ordinance as a Taking

9  The Takings Clause states that no "private property shall be
10 taken for public use, without just compensation." Amendment V, U.S.
11 Const. "In order to state a claim under the Takings Clause, a
12 plaintiff must establish that he possesses a constitutionally
13 protected property interest." <u>Schneider v. Cal. Dep't of Corr.</u>, 345
14 F.3d 716, 720 (9th Cir. 2003). Even where a plaintiff possesses a
15 protected property interest, interference with that interest is
16 typically not a prohibited taking where the interference simply
17 "adjusts the benefits and burdens of economic life to promote the
18 common good." <u>Penn Cent. Transp. Co. v. New York City</u>, 438 U.S.
19 104, 127 (1978).

20 Plaintiffs' complaint asserts that the Roaming Ordinance
21 "constitutes an irrational, arbitrary, and capricious law bearing
22 no rational basis to any valid government interest." SAC ¶ 8.
23 Also,"[d]ogs, as animals of this earth, have an equal right to this
24 earth, and no manmade law should be permitted to dilute that
25 right." SAC ¶ 8.

26 Plaintiffs have cited no legal authority establishing dogs'

11

equal rights to the earth, nor any authority which prevents municipalities from diluting that right if established. Further, the court has discovered no cases establishing that restrictions on where a person may allow his or her dog to roam free constitutes a taking prohibited under the Fifth Amendment.

### D. Barking Ordinance as Unconstitutionally Vague

Plaintiffs assert that the Barking Ordinance "fails to specify the conduct that is prohibited; and imposes criminal liability for conduct which a person does not have control over, namely, that a dog will from time to time bark." SAC ¶ 9. Further, plaintiffs claim the Barking Ordinance is "unconstitutional[ly] irrational, arbitrary, and capricious, in that it fails to specify the conduct that is prohibited." SAC ¶ 9.

The ordinance prohibits permitting a dog to bark "habitually," not "from time to time," as plaintiff asserts. Plaintiffs do not explain their vagueness argument, or provide any citations or analysis upon which this court could determine that a claim exists.

### IV. Conclusion

Accordingly, defendants' Motion to Dismiss, ECF No. 34 is GRANTED. The complaint is DISMISSED WITH PREJUDICE. Plaintiffs' Motion for a Preliminary Injunction, ECF No. 22 is DENIED as MOOT.[6]

---

[6] The court notes that the Motion for a Preliminary Injunction was filed prior to amending the complaint to substitute Herman Franck's minor children is as plaintiffs. The substance of that motion focuses on the citations issued against Herman Franck, which are irrelevant to this action. Likewise, the Preliminary Injunction motion focuses on the purported irreparable harm to Herman Franck,

1    IT IS SO ORDERED.

2    DATED: August 10, 2012.

3

4

5    _____
     LAWRENCE K. KARLTON
6    SENIOR JUDGE
     UNITED STATES DISTRICT COURT
7

---

26 also irrelevant to the action as it stands.

13